UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D.A.N. JOINT VENTURE PROPERTIES
OF MICHIGAN, LLC, an Ohio Limited
Liability Company,

       Plaintiff,

                          File No.  2:12-CV-398

v.

                          HON. ROBERT HOLMES BELL

DAVID L. VERNIER, et al.,

       Defendants
                                        /

## **O P I N I O N**

This matter is before the Court on Defendant Peninsula Bank's motion to dismiss. (Dkt. No. 29.)  Peninsula Bank seeks dismissal of Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of jurisdiction and for failure to state a claim on which relief can be granted.

**A.  Jurisdiction**

Defendant Peninsula Bank contends that the Court lacks subject matter jurisdiction because:  (1) Plaintiff has not established diversity of citizenship or the requisite amount in controversy; (2) the Court lacks jurisdiction over and cannot enforce Michigan state court judgments; and (3) Plaintiff has previously used Michigan courts to prosecute its claims.

"When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has

jurisdiction over the subject matter." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). In reviewing a motion under Rule 12(b)(1), the Court is not restricted to the face of the pleadings. "[T]he court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

In response to Defendants' motions, Plaintiff has presented the affidavit of Tim Dugic, its authorized agent. Dugic states that D.A.N. Joint Venture Properties of Michigan, LLC is an Ohio Limited Liability Company, that its only member is D.A.N. Joint Venture III, L.P., an Ohio Limited Partnership, and that all of the partners of D.A.N. Joint Venture III, L.P. are Ohio residents. (Dkt. No. 39, Pl. Resp., Ex. 1, Dugic Aff. ¶¶ 2, 3.) Dugic also states that the action involves claims regarding the fraudulent transfer of 4 gas stations in Marquette County, Michigan, each of which has an estimated fair market value and state equalized value "well in excess of $75,000." (Dugic Aff. ¶ 4.) Based on Dugic's affidavit, the Court is satisfied that the jurisdictional requirements of complete diversity of citizenship and the requisite amount in controversy have been met.

Defendant Peninsula Bank's remaining challenges to the Court's subject matter jurisdiction lack merit. This is not an action to enforce a state court judgment, and the fact that Plaintiff has previously filed state court actions against some of the defendants, does not foreclose Plaintiff from filing a federal action. Defendant Peninsula Bank's motion to dismiss the case for lack of subject matter jurisdiction will accordingly be denied.

**B. Failure to State a Claim**

In the alternative, Defendant Peninsula Bank contends that it is entitled to dismissal because Plaintiff has failed to state a claim on which relief can be granted.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Rule 8's notice pleading standard "does not require 'detailed factual allegations,' but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. "A claim is plausible on its face if

3

the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 ( 2012) (quoting *Iqbal*, 556 U.S. at 677).

1. Quiet Title Claims

Counts 1-4 of Plaintiff's complaint seek to quiet title to four properties. Defendant Peninsula Bank contends that it is entitled to dismissal of Counts 1-4 because quiet title is a remedy rather than a claim.

Quieting title is a remedy, but it is also a statutory cause of action to determine interests in land. *See* Mich. Comp. Laws § 600.2932(1)[1]; *Turcar, LLC v. I.R.S.*, 451 F. App'x 509, 515 (6th Cir. 2011) ("In an action to quiet title under Michigan Law, the claimant bears the burden of establishing a prima facie case for title. . . . If the claimant establishes its legal interest, the burden of proof shifts to the defendant to prove its superior right or title to the property."); *Adams v. Adams*, 742 N.W.2d 399, 404 (Mich. Ct. App. 2007) ("[T]he

---

[1]Michigan law provides:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

Mich. Comp. Laws § 600.2932(1).

Legislature's enactment of MCL 600.2932 has 'combined the two actions of ejectment and quiet title, and created a single action to determine interests in land.'"); *Omimex Energy, Inc. v. Blohm*, No. 5:06-CV-68, 2006 WL 2700849, at *3 (W.D. Mich. Sept. 19, 2006) (Quist, J.) (holding that the plaintiff's allegations provided an adequate basis for a quiet title action under § 600.2932 because the plaintiffs and the defendant asserted conflicting interests, and denying 12(c) motion for judgment on the pleadings). Accordingly, Defendant Peninsula Bank's motion to dismiss the quiet title claims against it will be denied.[2]

2. <u>Conspiracy, Concert of Action, and Aiding and Abetting Fraudulent Conveyance</u>

Counts 12, 13, and 16 of Plaintiff's complaint allege that Peninsula Bank and others are liable for conspiracy, concert of action, and aiding and abetting fraudulent conveyance. Peninsula Bank moves to dismiss these counts for failure to state a claim on which relief can be granted because Plaintiff's allegations are conclusory and because the only specific facts alleged concern the provision of professional services, which are not sufficient to make out a fraudulent conveyance claim. Peninsula Bank contends that Plaintiff has not alleged any facts that would show that Peninsula Bank was involved in any wrongdoing.

Although Plaintiff's complaint is not lacking when it comes to factual allegations, the 70-page, 488-paragraph complaint is confusing. The complaint contains so much extraneous

---

[2] Although Peninsula Bank has not raised the issue, the Court notes that it is not clear from the face of the complaint that Peninsula Bank has an interest in the four properties described in Counts 1-4. The Court expects Plaintiff to clarify its quiet title allegations against Peninsula Bank when it amends its complaint.

information and so many legal conclusions that the Court cannot determine with any confidence whether the inferences of wrong-doing that Plaintiff wants the Court to draw are reasonable or whether Plaintiff has stated a legal claim against the Bank. The Court will provide Plaintiff with an opportunity to amend its complaint to clarify its claims against the Bank. Plaintiff is reminded that the goal is to provide "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff should focus on individualizing the allegations of fraud against each individual defendant and explaining in a concise and pointed manner Peninsula Bank's wrongdoing and the legal claims against it.

    An order consistent with this opinion will be entered.


Dated: <u>March 13, 2013</u>                     <u>/s/ Robert Holmes Bell</u>
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE