UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D.A.N. JOINT VENTURE PROPERTIES
OF MICHIGAN, LLC, an Ohio Limited
Liability Co.,

        Plaintiff,

                                      File No.  2:12-CV-398

v.

                                        HON. ROBERT HOLMES BELL

DAVID L. VERNIER, et al.,

        Defendants.

_____/

**O P I N I O N**

On March 13, 2013, this Court entered an order holding Defendant Peninsula Bank's

motion to dismiss (Dkt. No. 29) under advisement and granting Plaintiff D.A.N. Joint

Venture Properties of Michigan, LLC, leave to file an amended complaint.  Plaintiff filed its

first amended complaint on April 2, 2013.  (Dkt. No. 75.)  This matter is before the Court on

Peninsula Bank's renewed motion to dismiss for failure to state a claim (Dkt. No. 82) and on

Plaintiff's motion to file a second amended complaint (Dkt. No. 87).  For the reasons that

follow, both motions will be denied.

**I.**

Plaintiff's amended complaint contains 17 counts and names 20 defendants .  The only

claims asserted against Peninsula Bank (the "Bank") are Counts 1and 3, which seek to quiet

title to property located at 112 Bluff Street, Ishpeming, Michigan, and 417 E. Hematite,

Ishpeming, Michigan, respectively. (Am. Compl. ¶ 11.)

The Bank has filed a renewed motion to dismiss the quiet title claims for failure to state a claim. The Bank contends that Plaintiff's amended complaint does not allege plausible claims that the Bank's mortgages are paid off and satisfied, nor does it allege plausible claims that Plaintiff's judgment liens are senior to the Bank's mortgages that were recorded before the judgment liens.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff,'" but "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). Rule 8's notice pleading standard "does not require 'detailed factual allegations,' but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief

above the speculative level." *Twombly*, 550 U.S. at 555, 570. "The plausibility standard is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a

defendant has acted unlawfully." *Iqbal*, 556 U.S. 678. "A claim is plausible on its face if

the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged.'" *Ctr. for Bio-Ethical Reform, Inc. v.

Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1583 (2012) (quoting

*Iqbal*, 556 U.S. at 677).

> The Michigan quiet title statute provides that:
>
> Any person, whether he is in possession of the land in question or not, who
> claims **any** right in, title to, equitable title to, interest in, or right to possession
> of land, may bring an action in the circuit courts against any other person who
> claims or might claim **any** interest inconsistent with the interest claimed by the
> plaintiff, whether the defendant is in possession of the land or not.

Mich. Comp. Laws § 600.2932(1) (emphasis added). The plaintiff in a quiet title action

bears the initial burden to make out a prima facie case of title. *Beulah Hoagland Appleton

Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich.

Ct. App. 1999) (citing *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich. Ct. App. 1984));

*see also Baker v. Bank of Am., N.A.*, No. 13-12474, 2013 WL 5945055, *6 (E.D. Mich. Nov.

6, 2013). Once the plaintiff makes out a prima facie case, the burden shifts to the defendant

to establish a superior right or title to the property. *Stinebaugh*, 347 N.W.2d at 221 (citing

*Boekeloo v. Kuschinski*, 324 N.W.2d 104, 108 (Mich. Ct. App. 1982)). *see also Turcar, LLC

v. I.R.S.*, 451 F. App'x 509, 515 (6th Cir. 2011) ("In an action to quiet title under Michigan

Law, the claimant bears the burden of establishing a prima facie case for title.  If the claimant establishes its legal interest, the burden of proof shifts to the defendant to prove its superior right or title to the property.") (citations omitted).

Plaintiff has alleged that it has an interest in the Bluff St. and Hematite properties by virtue of state court judgment liens and judgment levies it has recorded against the properties. (Am. Compl. ¶¶ 206-07, 235-36.)  Plaintiff has alleged that the properties were fraudulently transferred to evade its judgment liens and that although the Bank has several recorded mortgages against the properties, the mortgages have been paid in full and should have been discharged or are invalid.  (Am. Compl. ¶¶ 209-12, 240-44.)  Plaintiff has alleged an interest in land that it claims is superior to interests claimed by the Bank.

The Bank contends that it is entitled to dismissal of Plaintiff's complaint because Plaintiff has not alleged the superiority of its interest in the properties.  The Bank relies on M.C.R. 3.411(B)(2)(c) in support of the proposition that in a quiet title action, the plaintiff's complaint  must provide "the facts establishing the superiority of the plaintiff's claim."  The Bank's reliance on M.C.R. 3.411 is misplaced. The court rule in question is not a rule of substantive law.  It is a procedural rule.  "Under the *Erie* doctrine [*Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)], federal courts sitting in diversity apply substantive laws of the state, not procedural laws of court." *McKelvie v. City of Mount Clemens*, Nos. 90-1430, 90-1448, 1991 WL 139697, at *4 (6th Cir. July 30, 1991); *see also Rheault v. Lufthansa German Airlines*, 899 F. Supp. 325, 328 (E.D. Mich. 1995) (citing *McKelvie*).  Because this Court is not bound

4

by state court rules on pleading requirements, Plaintiff is not required to plead the superiority of its interest in the property. *See Omimex Energy, Inc. v. Blohm*, No. 5:06-CV-68, 2006 U.S. Dist LEXIS 66917 at *13-14 (W.D. Mich. Sept. 19, 2006) (Quist, J.) ("Plaintiffs' allegations also provide an adequate basis for a quiet title action under M.C.L.A. § 600.2932 because Plaintiffs and Defendant assert conflicting interests.")

In the alternative, the Bank contends that David and Linda Vernier still owe money to the bank and that there has been no release of the future advance mortgages. The Bank contends that the exhibits attached to its motion to dismiss[1] demonstrate that its mortgages have not been paid in full and are not subject to discharge, and establish that the Bank's interest in the properties is prior to and superior to the interest of Plaintiff.

"A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Accordingly, "[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Comm'l Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir.2007). In addition, "when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment." *Id.* (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)). A court may also

---

[1]The Bank has attached the following exhibits to its motion to dismiss: Exh. A, 3/12/2004 Mortgage and 12/1/2005, 1/24/2006, and 3/18/2011 Future Advance Mortgages re 112 Bluff St.; Exh. B, 1/30/2002, 2/20/2002, 3/12/2004, and 9/12/2006, Future Advance Mortgages re 417 E. Hematite; Exh. C, Deposition of Gary Nelson; and Exh. D, 7/24/2006, Future Advance Mortgage from Brandex, re 378 West Division St. (Dkt. No. 83, Def. Resp.)

consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment. *Id.* at 336.

The loan documents attached to Defendant's motion are referenced in Plaintiff's amended complaint, but not attached to it.[2]  Although these loan documents may form the heart of the Bank's defense, they are not integral to Plaintiff's claims and are not essential to the Court's consideration of the adequacy of Plaintiff's pleadings.  Whether or not anything is still owing on any of the mortgages or loans is an affirmative defense for the Bank to plead.  Plaintiff is not required, in its pleadings, to disprove the Bank's defenses.  Even if the Court could consider these documents because they are public records, the Court declines to do so because they raise issues of fact.[3]  Because no discovery has yet been conducted and because Plaintiff would be entitled to discovery if the Court were to convert the Bank's motion to a motion for summary judgment, the Court will exclude the matters outside the pleadings from its consideration and proceed to consider this as a Rule 12(b)(6) motion to dismiss.

_____

[2]Attached to Plaintiff's amended complaint are the depositions of David Vernier, Brooke Vernier, Linda Vernier, and Kris Warshawsky.  Also attached are a quit-claim deed from Brandex to Warshawsky re Hematite, a quit-claim deed from Warshawsky to Oasis Operating, a quit-claim from Grade A-1 Stop to Three Siblings, Inc., a loan application by David Vernier re Bluff St., and a Trustee's Bill of Sale to Plaintiff.

[3]If, on a Rule 12(b)(6) motion to dismiss matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  However, the court is not required to consider the matters outside the pleadings.  The court may, in its discretion, disregard such evidence and proceed to address the motion as a Rule 12(b)(6) motion. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008).

The allegations in Plaintiff's complaint are clearly sufficient to state a claim for quiet title against the Bank. The thrust of the parties' arguments is on the sufficiency of the evidence. Issues concerning the sufficiency of the evidence are not properly before the Court on a Rule 12(b)(6) motion to dismiss. The place to test the sufficiency of the proofs is in a Rule 56 motion for summary judgment. Whether Plaintiff's claims can survive summary judgment is a question for another day after discovery has been taken.

Even if Plaintiff has adequately stated a claim for quiet title, the Bank contends that it is entitled to dismissal of the Plaintiff's amended complaint based on the clean hands doctrine. The Bank contends that Plaintiff is not entitled to equitable relief on its quiet title claims because it previously filed fraud and conspiracy claims in bad faith.

Actions under the Michigan quiet title statute are equitable in nature. Mich. Comp. Laws § 600.2932(5). The doctrine of unclean hands applies in equitable actions, including quiet title actions. *McFerren v. B & B Inv. Group*, 655 N.W.2d 779, 783 (Mich. Ct. App. 2002). "The clean hands maxim is a self-imposed ordinance that closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *Id.* "'The misconduct which will move a court of equity to deny relief must bear a more or less direct relation to the transaction concerning which complaint is made.'" *Id.* at 784 (quoting *McKeighan v. Citizens Comm'l & Savings Bank of Flint*, 5 N.W.2d 524, 527 (Mich. 1942)).

The Court is not convinced that the Bank's allegations of bad faith with respect to

fraud and conspiracy claims that have been removed from the first amended complaint should prevent Plaintiff from pursuing its quiet title claims.

The Bank also argues that Plaintiff's quiet title claims are barred by unclean hands because Plaintiff's quiet title claims lack merit and because Plaintiff acted in bad faith by concealing that there are unpaid loans.

The Bank's assertion that Plaintiff's quiet title claims lack merit is not properly before this Court. The merits of Plaintiff's quiet title claims is not the proper subject of a motion to dismiss, and it is not a proper basis for invoking the unclean hands doctrine. "The unclean hands doctrine is 'invoked by the Court in its discretion to protect the integrity of the Court." *Stachnik v. Winkel*, 230 N.W.2d 529, 534 (Mich. 1979). The doctrine will not be invoked simply because a claim lacks merit; the court requires some evidence of inequitable conduct or bad faith. *See*, *e.g.*, *Rose v. National Auction Group, Inc.*, 646 N.W.2d 455, 463 (Mich. 2002) ("[T]he doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief.") *Stachnik*, 230 N.W.2d at 534 ("In determining whether the plaintiffs come before this Court with clean hands, the primary factor to be considered is whether the plaintiffs sought to mislead or deceive the other party . . . ."). To the extent the Bank contends that Plaintiff acted in bad faith by concealing that there are unpaid loans, the Court similarly finds no basis for application of the unclean hands doctrine. Because the burden is on the defendant in a quiet title to establish a superior right or title to the property, Plaintiff's failure to allege the existence of unpaid loans in its

amended complaint does not suggest bad faith.

In Counts 1 and 3, the quiet title counts that name the Bank, Plaintiff has requested not only equitable relief pursuant to the quiet title statute, Mich. Comp. Laws § 600.2932, but also discharge of the Bank's mortgages pursuant to Mich. Comp. Laws § 600.3175. The Bank contends that Plaintiff cannot initiate an action to discharge mortgages pursuant to § 600.3175. Plaintiff has not responded to this argument.

Section 600.3175 authorizes "the owner of the land or property" to "institute an action in the circuit courts to discharge the mortgage." Mich. Comp. Laws § 600.3175(1). Plaintiff is not the owner of the properties on Bluff or Hematite. Accordingly, Plaintiff is not authorized to commence an action pursuant to this statute. Nevertheless, the fact that Plaintiff cannot initiate an action under this statute does not suggest that Plaintiff has failed to state a quiet title action against the Bank. Accordingly, the Bank's motion to dismiss the quiet title claims against it in Counts 1 and 3 will be denied.

## II.

The Bank has also requested the Court to issue an order that the previously filed counts against the Bank alleging aiding and abetting fraudulent transactions, conspiracy, and concert of action, (Dkt. No. 1, Compl., Counts 12, 13, and 16), be dismissed with prejudice. These counts do not appear in the first amended complaint and are no longer before the court.[4] Accordingly, the Bank's motion to dismiss these counts is denied as moot.

---

[4]Plaintiff's amended complaint supersedes its original complaint, and claims in the
(continued...)

**III**.

Together with its response in opposition to Defendant's renewed motion to dismiss, Plaintiff has filed a motion for leave to file a second amended complaint adding Peninsula Bank to the fraudulent conveyance cause of action as to the March 20, 2011 mortgage.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc*., 427 F.3d 996, 1001 (6th Cir. 2005).

Plaintiff was already granted leave to amend its complaint in response to the Bank's first motion to dismiss. Plaintiff did amend its complaint, but now, in response to the Bank's renewed motion to dismiss, seeks to amend its complaint yet again. Plaintiff seeks to add a new claim in Count 8 that the Bank violated the Uniform Fraudulent Transfer Act, Mich. Comp. Laws § 566.34(1)(a). (Dkt. No. 86, Ex. 22, Proposed Second Am. Compl.) Plaintiff

---

[4](...continued)
original complaint that are not realleged in the amended complaint are no longer before the court. *See, e.g.*, *W. Run Student Housing Assoc., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3rd Cir. 2013) ("[T]he amended complaint 'supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.'"); *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect."); *Kelley v. Crosfield Catalysts*, 135 F.3d 1202, 1204 (7th Cir. 1998) ("It is well-established that an amended pleading supersedes the original pleading . . . .").

10

alleges that the March 21, 2011, mortgage given by Brooke Vernier to Peninsula Bank is invalid because the Bank is not a good faith transferee.  (Ex. 22, ¶ 215.)  Plaintiff alleges that the Bank was not a good faith transferee because the mortgage was given to secure a new note given by David Vernier who the Bank knew was in bankruptcy, and because the Bank was on notice of numerous fraudulent transfers by David Vernier and the David Vernier companies to family members.  (*Id.* at ¶ 216.)  Plaintiff alleges that the Bank had knowledge of facts sufficient to lead a reasonable person to believe that the transfer of 112 Bluff St. to Brooke Vernier may be fraudulent, and further inquiry by Peninsula Bank would have revealed facts sufficient to alert it that 112 Bluff St. was recoverable by creditors of David Vernier or the bankruptcy trustee.  (*Id.* at ¶ 217.)

Plaintiff has already been granted leave to clarify its claims against the Bank.  If the Court were to allow Plaintiff yet another amendment, it would undoubtedly result in yet another motion to dismiss and a further delay in this case, as evidenced by Defendant's arguments regarding the futility of amendment.  Plaintiff's motion to file a second amended complaint will accordingly be denied because of Plaintiff's failure to make the requested amendments in response to Defendant's first motion to dismiss.

For the reasons stated herein, Defendant Peninsula Bank's renewed motion to dismiss will be denied, and Plaintiff's motion to file a second amended complaint will be denied.

An order consistent with this opinion will be entered.

Dated: <u>November 21, 2013</u>                    <u>/s/ Robert Holmes Bell</u>
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE