UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D.A.N. JOINT VENTURE PROPERTIES
OF MICHIGAN, LLC, an Ohio Limited
Liability Co.,

        Plaintiff,

                                    File No. 2:12-CV-398

v.

                                  HON. ROBERT HOLMES BELL

DAVID L. VERNIER, et al.,

        Defendants.

_____/

## **O P I N I O N**

This matter is before the Court on Defendant Peninsula Bank's motion for sanctions (Dkt. No. 54), proposed order regarding motion for sanctions (Dkt. No. 77), and supplement to motion for sanctions (Dkt. No. 93.) For the reasons that follow, the request for sanctions will be denied.

Defendant Peninsula Bank ("Bank") seeks sanctions including attorney's fees and costs in the amount of $33,700.10 from Plaintiff and its counsel based on its contention that Plaintiff's complaint and amended complaint were filed and maintained in violation of Rule 11 and 28 U.S.C. § 1927. (Dkt. No. 93.) The Bank asserts that Plaintiff's claims are frivolous, unsupported, and improper, and that Plaintiff's brief in response to the Bank's motion to dismiss fails to address the substantial authorities supporting the Bank's motion.

Rule 11 provides that by presenting "any pleading, written motion, or other paper," with the court, an attorney certifies that, to the best of the attorney's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). "[T]he test for whether Rule 11 sanctions are warranted is whether the conduct for which sanctions are sought was 'reasonable under the circumstances.'" *Salkil v. Mount Sterling Twp. Police Dep't*, 458 F.3d 520, 528 (6th Cir. 2006) (quoting *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997)).

The Bank has not demonstrated that this action is not warranted by existing law. The Court rejected the Bank's arguments that it was entitled to dismissal of Plaintiff's original complaint for lack of jurisdiction and to dismissal of Plaintiff's quiet title claims for failure to state a claim. (Dkt. No. 73, Op. at 2, 4-5.) The Court did take the Bank's motion to dismiss under advisement because Plaintiff's allegations regarding its conspiracy, concert of action, and aiding and abetting fraudulent conveyance claims. (Dkt. Nos. 73, 74.) The Court did so, not because Plaintiff did not or could not state a claim on which relief could be

granted, but because Plaintiff's allegations were conclusory and confusing. The Court

provided Plaintiff an opportunity to amend its complaint to clarify its claims against the

Bank.

Plaintiff's amended complaint does not include the claims that the Court found to be

confusing, and the Bank has not persuaded the Court that Plaintiff included these counts in

its original complaint for an improper purpose. Plaintiff's amended complaint includes only

two claims against the Bank, both of which are quiet title claims. (Dkt. No. 75, Am.

Compl.) The Bank filed a renewed motion to dismiss these quiet title claims (Dkt. No. 82,

Renewed Mot. to Dismiss), but the Court denied the motion based on its determination that

"[t]he allegations in Plaintiff's complaint are clearly sufficient to state a claim for quiet title

against the Bank." (Dkt. No. 95, Op. at 7.) To the extent the Bank attempted to demonstrate

that the facts did not support the quiet title claims, the Court declined to consider the Bank's

evidence and to convert the Bank's Rule 12(b)(6) motion to dismiss into a Rule 56 motion

for summary judgment. (*Id.* at 6-7.) The Court observed that the question of whether there

was sufficient evidence to support Plaintiff's claims would have to await discovery. The

Bank's motion for sanctions is similarly based in part on its assertion that Plaintiff's claims

lack evidentiary support. The Court declines to sanction Plaintiff based on the alleged

insufficiency of Plaintiff's evidence because discovery has not yet commenced, and the

Bank's motion is premature. The Court will accordingly deny Defendant's motion for Rule

11 sanctions at this time. Plaintiff is cautioned, however, that "if evidentiary support is not

obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). "[L]itigants may be sanctioned under the amended rule for continuing to insist upon a position that is no longer tenable." *Ridder*, 109 F.3d at 293.

Even if this Court had concluded that Rule 11 has been violated, the Court would not be inclined to impose sanctions. The imposition of sanctions for violations of Rule 11 is discretionary rather than mandatory. *Ridder*, 109 F.3d at 293-94 (citing Fed. R. Civ. P. 11(c)). Rule 11 also "de-emphasizes monetary sanctions and discourages direct payouts to the opposing party." *Id.* at 294 (citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)). In this case, the Court would not be inclined to reward the Bank for its own role in exacerbating the incivility and the waste of judicial resources in this case.

The Bank has alternatively requested sanctions pursuant to 28 U.S.C. § 1927. Section 1927 provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Section 1927 imposes an objective standard of conduct on attorneys, and courts need not make a finding of subjective bad faith before assessing monetary sanctions under § 1927." *Salkil*, 458 F.3d at 532 (citing *Ridder*, 109 F.3d at 298). The Court is not persuaded that Plaintiff's conduct warrants the imposition of sanctions pursuant to § 1927.

In light of this opinion, Plaintiff's motion to expedite to strike or dismiss the Bank's

motion for Rule 11 sanctions as moot (Dkt. No. 98) is denied as moot.

An order consistent with this opinion will be entered.


Dated: <u>March 20, 2014</u>                          /s/ Robert Holmes Bell                    
                                                   ROBERT HOLMES BELL
                                                   UNITED STATES DISTRICT JUDGE